UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Norman Aubin & Holly Aubin,**<br>     **Plaintiffs,**<br><br>     v.<br><br>**Residential Funding Company, LLC and**<br>**Fremont Investment & Loan**<br>     **Defendants.** | Case No.<br><br>**JURY TRIAL DEMANDED**<br><br>February 26, 2007 |

## INTRODUCTION

1.	This is a suit brought by a husband and wife residing in Connecticut regarding the mortgage loans on their home.  The Plaintiffs claim that Fremont Investment & Loan violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. (C.G.S.) § 36a-676 *et seq.*, (collectively "TILA") in the transaction by failing to properly and accurately make the disclosures required by TILA.  Residential Funding Company is an assignee of the mortgage loans.

## PARTIES

2.	Plaintiffs, Mr. & Ms. Aubin, are consumers and natural persons residing in Bristol, Connecticut.

3.	Fremont Investment & Loan is a California corporation with a primary place of business in Anaheim, California

4.	Residential Funding Company, LLC, is a Delaware corporation with a primary place of business in Minneapolis, MN.

## JURISDICTION

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331-32. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over the Defendants because they regularly conduct business in this state.

7. Venue in this court is proper, as the Plaintiffs are residents of Connecticut and the action concerns real property located in this state.

## FACTS

8. The Plaintiffs applied for a mortgage loan from Fremont.

9. The mortgage broker called the Plaintiffs on February 28, 2006 and said he was going to send someone to their home to close the mortgage at approximately 11:00 p.m.

10. The Plaintiffs' refused to close the mortgage at such a late hour of the day and said they would do so the following day on March 1, 2006.

11. The Plaintiffs' consummated two Fremont mortgages at their home on March 1, 2006.

12. All of the loan documents, including the Notice of Right to Cancel were dated February 28, 2006.

13. Because the closing actually occurred on March 1st rather than February 28th the Notice of Right to Cancel did not provide the Plaintiffs with the required number of days to exercise the right to cancel the transaction.

14. The closing agent directed the Plaintiffs to date the documents as being signed on February 28th.

15. The Plaintiffs relied on the closing agent's instructions, not knowing the legal implications of doing so.

16. Among the documents presented at the closing for each loan were a HUD-1A Settlement Statement and an Itemization of the Amount Financed.

17. The numbers on the HUD-1A and the Itemization of Amount Financed did not match.

18. The Fremont mortgages were "federally related mortgage loans" as that term is defined by 12 U.S.C. § 2602 and were within the scope of the Real Estate Settlement Procedures Act.

19. One mortgage was for $244,000 and the other was for $61,000.

20. After the mortgage was consummated, Fremont failed to disburse funds to the Plaintiffs' for approximately two weeks.

21. This rendered the disclosures on the Truth in Lending Statement to be inaccurate.

22. On information and belief the $244,000 mortgage has been assigned to Residential which is now the owner of that mortgage.

23. On information and belief the $61,000 mortgage has been assigned to Residential which is now the owner of that mortgage.

**COUNT ONE**
**Truth in Lending Act**

24. The plaintiff re-alleges all of the preceding paragraphs as if fully restated herein.

25. The two mortgages were consumer credit transactions subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

26. In the course of this consumer credit transaction, Fremont violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

27. Fremont also filed the Truth in Lending Acts and Regulation Z by failing to accurately disclose the amount of the finance charge for the $244,000 mortgage loan.

28. The Plaintiffs have an extended right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

29. The Plaintiffs exercised their extended right to rescind the transaction by sending notice (via counsel) to the Defendants.

30. More than twenty calendar days have passed since the Defendants received the notice of rescission.

31. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

32. The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendants, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

33. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for: Rescission of this transaction; termination of any security interest in Plaintiffs' property created under the transaction; return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction; statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiffs' rescission notice; forfeiture of loan proceeds; actual damages in an amount to be determined at trial; and a reasonable attorney fee.

34. Fremont is additionally responsible for $2,000 in statutory damages for failing to properly disclose the finance charge on the $244,000 and for failing to properly disclose the deadline for exercising the right to cancel.

## COUNT TWO
## Connecticut Unfair Trade Practices Act (RESPA)

35. The plaintiff re-alleges all of the preceding paragraphs as if fully restated herein.

36. On information and belief, Fremont committed unfair and deceptive acts and practices in trade or commerce within the meaning of Connecticut's Unfair Trade Practices Act, C.G.S. § 42-110a, *et seq.*, ("CUTPA"), by failing to accurately disclose the closing costs on the HUD-1A as required by the Real Estate Settlement Procedures Act.

37. Defendant's conduct falls within the penumbra of the statutory concept of unfairness.

38. Plaintiffs have suffered an ascertainable loss due to Defendant's violation of CUTPA.

39. Defendant's conduct is in violation of federal law regulating real estate settlement procedures and was undertaken without regard to the rights of consumers, especially the Plaintiffs.

40. As a result of Defendant's violations of CUTPA and pursuant to C.G.S. § 42-110g, Plaintiffs are entitled to receive their actual damages, punitive damages in the discretion of the Court; plus reasonable attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Assume jurisdiction of this case;

2. Declare void Defendants' security interest in Plaintiffs' residence;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transaction and declare all such security interests void, including but not limited to the mortgage related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transaction;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs statutory damages for the Defendants failure to respond properly to their rescission notice and Fremont's failure to make the proper disclosures in an amount not less than $200 or more than $2,000, each, as provided under 15 U.S.C. § 1640(a);

8. Order that, because the Defendants failed to tender in response to the Plaintiffs' notice of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

9. Award actual damages in an amount to be established at trial;

10. Award punitive damages pursuant to C.G.S. § 42-110g;

11. Award the Plaintiffs costs and reasonable attorneys' fees as provided under 15 U.S.C. § 1640(a) and C.G.S. § 42-110g;

12. Award such other and further relief as the Court deems just and proper.

PLAINTIFFS,
NORMAN & HOLLY AUBIN

By: _____
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457